## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

JAMES MOORE,                          )
                                      )
     Plaintiff,                     )
                                      )
     v.                             )          No. 2:25-cv-00003-PLC
                                      )
ANDREW BAILEY, et al.,                )
                                      )
     Defendants.                    )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented Plaintiff James Moore to proceed in district court without prepaying fees and costs.  The Court will grant the application and assess an initial partial filing fee of $36.32. Furthermore, for the following reasons, the Court will dismiss Plaintiff's complaint on initial review for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.

Plaintiff has submitted his inmate account ledger from the Missouri Department of Corrections from May 20 to November 20, 2024. Based on this information, the Court determines his average monthly deposit is $181.58. The Court will charge Plaintiff an initial partial filing fee of $36.32, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights when they overturned the dismissal of a conduct violation at Moberly Correctional Center (MCC). Named as Defendants are the following: Andrew Bailey (Attorney General), Trevor Foley (Director, MDOC), Rusty Ratliff (Warden, MCC), Jeff Falkenrath (Deputy Warden, MCC), Robert Murrell (Correctional Officer (CO), MCC), and C.M. Williams (CO, MCC). He sues the individual Defendants only in their individual capacities.

Plaintiff states that on August 15, 2023, correctional officers at MCC found a 7-inch sharpened piece of metal and a rolled up piece of paper in the common area of his cell.  Both items were taken to the investigator's office and the paper tested positive for methaqualone.  *See* ECF No. 1-2 at 6.  Prison officials issued Plaintiff a conduct violation for dangerous contraband and possession of an intoxicating substance.

On August 16, 2023, Plaintiff's cellmate claimed all responsibility for the weapon.  At Plaintiff's classification hearing, the hearing officer determined that there was no wrongdoing on the part of Plaintiff and recommended dismissal of the conduct violation.  The hearing officer recommended Plaintiff return to general population, and that the conduct violation be expunged.  *See* ECF No. 1-2 at 7.

On August 21, 2023, however, Defendant Jeff Falkenrath, the Deputy Warden, modified the recommendation of the hearing officer.  *See id.*  On the corrective action report, Falkenrath checked the box for "recommended modifications," and wrote:  "Guilty based on 7 ¼" sharpened piece of metal and rolled up paper that tested positive for methaqualone:  Assign 30 days [disciplinary segregation]: [beginning] 8/18/23 [ending] 9/17/23[.] 90 day no visits [beginning] 8/18/23 [ending] 11/16/23 . . . ."  *Id.*  The Warden approved this recommendation as modified by Falkenrath.

Plaintiff alleges that Defendant Falkenrath's modification of the hearing officer's recommendation violates his rights to due process, constitutes cruel and

- 4 -

unusual punishment, interferes with the rehabilitative process, and undermines the authority of the corrective hearing officer.  For each Defendant, Plaintiff alleges deliberate indifference, incompetence, excessive punishment, manifest injustice, negligence, and due process violations.

For relief, Plaintiff seeks a declaration that his constitutional rights were violated and more than $16 million in damages.

## Discussion

The determination of whether prison officials denied an inmate due process involves a two-step inquiry.  *See Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011).  First, a plaintiff must demonstrate that he or she was deprived of life, liberty, or property by government action.  *See Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"); *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not").  Once it has been established that a liberty interest exists, the process necessary to protect that interest must be determined.  *Williams*, 662 F.3d at 1000.

As life or property interests are not at issue here, Plaintiff must identify a liberty interest to state a due process claim.  *See Phillips*, 320 F.3d at 847.  With

regard to establishing a liberty interest, the Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose a "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff's complaint that he spent 30 days in administrative segregation does not, by itself, indicate that he suffered the type of atypical and significant hardship that might give rise to a due process violation. *Id.* at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same, 30 days in disciplinary segregation and 290 days in administrative segregation); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same, 10 days disciplinary detention and 100 days in maximum security cell). As a result, Plaintiff's due process allegations against Defendants arising from his 30-day placement in administrative segregation fail to state a claim upon which relief may be granted.

Further, as a general rule, placement in administrative segregation does not constitute cruel and unusual punishment. Thus, Plaintiff's 30 days in administrative segregation does not violate the Eighth Amendment, absent other circumstances. The Eighth Circuit has upheld significantly longer periods of segregation without finding them to constitute a violation of the Eighth Amendment. *See Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994) (upheld 9-year sentence to segregation not a violation of the Eighth Amendment); *see also Herron v. Schriro*, 11 Fed. Appx. 659,

662 (8th Cir. 2001) (unpublished) (Eighth Amendment claims rejected upon finding no sufficiently serious deprivation, even considering the 13 years of administrative segregation).

For these reasons, Plaintiff's claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $36.32 within **thirty (30) days** of the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Andrew Bailey, Trevor Foley, Rusty Ratliff, Jeff Falkenrath, Robert Murrell, and C.M. Williams are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** as moot.  [ECF No. 4]

An Order of Dismissal will accompany Memorandum and Order.

Dated this 13th day of  August, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE